,**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 12, 2012

Lyle W. Cayce
Clerk

No. 11-40439
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABIEL OMAR MARTINEZ-RANGEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-2337-1

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Abiel Omar Martinez-Rangel was convicted of one count of possessing more than 50 kilograms of marijuana with intent to distribute, and the district court sentenced him to serve a 63-month prison term and a three-year term of supervised release. In the sole issue raised in this direct appeal, Martinez-Rangel challenges his sentence as being inappropriately imposed pursuant to 21 U.S.C. § 841(b)(1)(C), which provides a maximum sentence of 20 years in prison for offenses involving between 50 and 99

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40439

kilograms of marijuana, rather than § 841(b)(1)(D), which provides a maximum sentence of five years for offenses involving less than 50 kilograms of marijuana.

Because this argument was not presented to the district court, it is reviewed for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Martinez-Rangel has not met this standard. The jury, pursuant to the instructions provided at trial, found that Martinez-Rangel's offense involved more than 50 kilograms of marijuana. Consequently, the district court did not err by sentencing him under § 841(b)(1)(C). *See United States v. Jackson*, 596 F.3d 236, 244 (5th Cir.), *cert. denied*, 130 S. Ct. 2126 (2010). Insofar as Martinez-Rangel argues evidentiary sufficiency, or lack thereof, in his reply brief, we decline to consider this claim because it was not raised in his opening brief. *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).

AFFIRMED.